07-CV-01777-CMP

FILED ____ ENTERED
LODGED ____ RECEIVED

NOV - 1 2007  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BENNETT HASELTON, an individual; PEACEFIRE, INC., a Washington corporation,

Plaintiffs,

v.

QUICKEN LOANS, INC, a Michigan corporation; and JOHN DOES, I-X,

Defendants.

NO. C07-1777 MJP

COMPLAINT FOR DAMAGES UNDER THE CAN-SPAM ACT OF 2003 (15 U.S.C. §7701 ET SEQ.); THE WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86 ET SEQ.); THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT (RCW 19.190 ET SEQ.);

[JURY DEMAND]

COME NOW, plaintiffs Bennett Haselton, and Peacefire, Inc. and bring this COMPLAINT against defendants named herein. Plaintiffs allege the following on information and belief:

I. PARTIES

I.1     Plaintiff Bennett Haselton ("Haselton") is an individual who is and was a resident of King County, an individual internet user with personal email accounts registered in Washington, and also doing business as an interactive computer service and an internet access service under the name of Peacefire.org, during all times relevant hereto.

COMPLAINT FOR DAMAGES AND PENALTIES. ; - 1
HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

1.2     Plaintiff Peacefire, Inc. ("Peacefire") is a Washington corporation, and is an interactive computer service and an internet access service with its principle place of business King County, Washington, d/b/a Peacefire.org.

1.3     Defendants John Does: This Complaint will be amended to more accurately identify defendants once such information is ascertained.

1.4     Defendant Quicken Loans, Inc. ("Quicken"), on information and belief, is a Michigan corporation, with its principal place of business located at: 30600 TELEGRAPH ROAD BINGHAM FARMS MI 48025, and doing business as: Quicken Loans.

1.5     The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions of which each defendant had had knowledge and that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted and/or participated in, and are actions for which each defendant is liable. Each defendant aided, abetted, assisted, and conspired with the actions of each other defendant herein in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the other defendants, and in committing those acts herein alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## II.    JURISDICTION

Plaintiff realleges all preceding paragraphs herein and incorporates them herein as if set forth in full.

2.1 Plaintiff and Defendants are residents of different states, and the unlawful actions of the defendants were committed in the States of Washington and Michigan, including, but not limited to the judicial district of this Court. Venue is proper pursuant to 28 U.S.C. §1391.

COMPLAINT FOR DAMAGES AND PENALTIES. ; - 2

HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

2.2 The Defendants regularly transact business within the state of Washington by virtue of the fact that they regularly send commercial bulk emails into the State, which emails are received on computers and other electronic devices owned and maintained by residents of the State in the State.

2.3 As a result of the Defendants' acts and transactions within the State of Washington, this Court has personal jurisdiction over the Defendants under RCW 4.28.185(1)(a).

2.4 The causes of action complained of herein include allegations that commercial electronic messages sent to the Plaintiffs as a result of the acts of the Defendants and a conspiracy in which the Defendants played a significant part, violate 15 U.S.C. §7701 et seq., RCW 19.190 et seq., the Washington Commercial Electronic Mail Act (CEMA) and RCW 19.86 et seq. the Washington State Consumer Protection Act (CPA), and includes a prayer for relief in excess of $75,000, exclusive of interest and costs.

2.5 Jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1332 (diversity).

### III. General Allegations

Plaintiff realleges all preceding paragraphs herein and incorporates them herein as if set forth in full.

3.1 Plaintiff Haselton is the owner and registrant of the internet domain "peacefire.org" (hereinafter referred to as a "Domain")

3.2 Peacefire.org is an "interactive computer service" as that term is defined in RCW 19.190.010 (7), and an "internet acccess service" as that term is defined in 15 U.S.C. §7701 et seq.

3.3 Through Peacefire.org Haselton provides or enables computer access by multiple users to a computer server that hosts the "peacefire.org" domain name and further provides electronic mail accounts to individuals utilizing the "peacefire.org" domain name for electronic messaging.

3.4 Plaintiff Haselton is a user of the interactive computer service provided by peacefire.org, and maintains an electronic mail message account with that domain

COMPLAINT FOR DAMAGES AND PENALTIES, ; -
3
HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

name under the address 'bennett@peacefire.org', as well as the email address 'bhas@speakeasy.net' (collectively the "Recipient Addresses").

3.5 At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain, the Recipient Addresses, belong to a Washington resident was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each address and Domain being registered with a Washington residency.

3.6 On information and belief, the Defendants have conspired with unknown third parties to initiate the transmission of numerous commercial email messages directed to and through Plaintiff Haselton's interactive computer service, and/or addressed to Plaintiff Haselton's email addresses.

3.7 These unknown third parties initiate the transmission of these commercial email messages include among those commercial email messages commercial email messages that contain advertisements for loans.

3.8 On information and belief, consumers respond to these advertisements in these commercial email messages and thereby provide the consumer's contact information to these unknown third parties.

3.9 On information and belief, these unknown third parties then sell this contact information to various unknown entities, which include the Defendants.

3.10 In this manner, the Defendants provide the financial incentive for these third parties to initiate the transmission of these commercial email messages, and thereby participate in a conspiracy that results in the transmission of these commercial email messages.

3.11 The Defendants have general knowledge that the third parties from whom they buy the consumer contact information gather that information by transmitting commercial email messages that violate 5 U.S.C. §7701 et seq., because they have previously been sued in the United States Federal Courts for engaging in this conduct.

3.12 The Defendants have specific knowledge that the third parties from whom they buy the consumer contact information gather that information by transmitting

COMPLAINT FOR DAMAGES AND PENALTIES, ; -
4

HASELTON v. QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

commercial email messages to parties including the Plaintiff, and that those commercial electronic messages violate RCW 19.190 et seq., the Washington Commercial Electronic Mail Act (CEMA) and RCW 19.86 et seq. the Washington State Consumer Protection Act (CPA), because the Plaintiff has contacted the Defendant and placed them on notice of the forgoing facts.

3.13 At all times material hereto, for the Domains and each of them, the information that all e-mail addresses at each Domain (the "Recipient Addresses") belong to Washington residents, including Plaintiff Haselton's, was and is available upon request from the registrant of each Domain, each registrant being a Washington resident and each Domain being registered with a Washington address.

3.14 During the period 2005 to the present, Plaintiffs received at the Domains electronic-mail messages (collectively the "E-mails" or individually and generically as an "E-mail").

3.15 The E-mails, and each of them, were received by Plaintiffs at the Domains, and/or on individual Plaintiff's email accounts, and on their computers, including, but not limited to the email account and computer of Haselton.

3.16 Each of the E-mails misrepresents or obscures information in identifying the point of origin or the transmission path thereof, and contains header information that is materially false or materially misleading. The misrepresentations include, without limitation: the use of multiple rotating domains, domains which are registered using hidden, false or misleading information.

3.17 Plaintiffs provided Defendants with notice to cease and desist conspiring with others in sending spam E-mails to them, which notice was ignored, and Defendants have continued to conspire with unknown third parties who have continued to send unlawful E-mails to Plaintiffs subsequent to 10 days following the notice to cease and desist in direct violation of 15 U.S.C. §7701 et seq.

3.11    Defendant initiated the transmission of the E-mails, and each of them. In the alternative, Defendant conspired or otherwise acted in collusion with another or others or assisted another or others to transmit the E-mails, and each of them.

COMPLAINT FOR DAMAGES AND PENALTIES. ; - 5

HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

3.12   At all times material hereto, Defendants knew or had reason to know that the Recipient Addresses, and each of them, were and are held by a Washington resident.

## IV.   Causes of Action

### FIRST CAUSE OF ACTION – CAN-SPAM ACT
### (15 U.S.C. §7701 et seq.)

4.1   On the basis of the facts set forth hereinabove, Defendants initiated the transmission of the E-mails, and each of them, to a protected computer in violation of 15 U.S.C. §7704(a), causing damage to Plaintiff Peacefire as the provider of the Internet access service receiving each such E-mail in the amount of $100 for each such E-mail, as provided in 15 U.S.C. §7706 (g) (3).

4.1.1   Defendants did willfully and knowingly so act in violation of the provisions of 15 U.S.C. §7701 et seq.

### SECOND CAUSE OF ACTION – CEMA
### (RCW 19.190.010 - .070)

4.2   On the basis of the facts set forth hereinabove, Defendants initiated, conspired with another to initiate, or assisted the transmission of the E-mails, and each of them, in violation of RCW 19.190.020, causing damage to Plaintiffs Peacefire and Haselton as the interactive computer services receiving each such E-mail in the amount of $1,000 for each such E-mail, and to Plaintiff Haselton individually in the amount of $500 for each such E-mail directed to and received at Haselton's E-mail address, as provided in RCW 19.190.040(1) and (2).

### THIRD CAUSE OF ACTION – CONSUMER PROTECTION ACT
### ( RCW 19.86)

4.3   On the basis of the facts set forth hereinabove, Defendants initiated the E-mails, and each of them, in violation of RCW 19.190.030 and Chapter 19.86 RCW, causing damage to Plaintiffs as the recipients of each such E-mail in an amount to be

COMPLAINT FOR DAMAGES AND PENALTIES. ; -
6
HASELTON v.QUICKEN LOANS, INC., ET AL

I.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

proven at trial, including, but not limited to, treble damages. Defendants' acts as described hereinabove constituted unfair and deceptive acts or practices in the conduct of trade or commerce, which acts or practices caused injury to Plaintiffs, and as such constitute independent violations of RCW 19.86 et seq.

**5. Demand For Jury.** Plaintiff demands that this cause be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff, Haselton prays for relief as follows:

Entry of a Judgment in favor of Plaintiffs Peacefire, and Haselton against the Defendants in the amount of $1,100 per unlawful E-mail, plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by Chapter 19.86 RCW and to the extent permitted by 15 U.S.C. §7706 (g) (3) (C), plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to Chapter 19.86 RCW and 15 U.S.C. §7706 (g) (4);

3. Entry of a Judgment in favor of Plaintiff Haselton individually against the Defendants in the amount of $500 per unlawful E-mail, plus such other and further damages as may be proved at trial, plus treble damages to the extent permitted by Chapter 19.86 RCW plus prejudgment and post-judgment interest at the highest rate permitted by law, plus cost of suit and reasonable attorney fees pursuant to Chapters 19.190 et seq., and 19.86 RCW.;

4. Entry of a permanent injunction against the Defendants prohibiting the Defendants from sending or causing to be sent electronic mail messages of any kind or nature to e-mail addresses at Plaintiffs' Domains and/or email addresses.

Such other and further relief as the Court deems just and equitable in the premises.

COMPLAINT FOR DAMAGES AND PENALTIES. ; -
7
HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299

DATED this 9th day of October, 2007.

RESPECTFULLY SUBMITTED this 9th day of October, 2007.

i.JUSTICE LAW, P.C.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorney for Plaintiffs

DOUGLAS E. MCKINLEY, JR
Attorney at Law

/S/ Douglas E. McKinley, Jr.
Douglas E. McKinley, Jr., WSBA #20806
Attorney for Plaintiffs

**VERIFICATION**

I Bennett Haselton, above-named plaintiff, have read the foregoing Complaint and declare under the penalty of perjury under the laws of the State of Washington that the factual basis for the allegations contained herein are true and accurate.
Signed this ___9th___ day of October, 2007, at Bellevue, Washington.

Bennett Haselton, individually and on behalf of Peacefire, Inc. as its president.

COMPLAINT FOR DAMAGES AND PENALTIES. ; -
8

HASELTON v.QUICKEN LOANS, INC., ET AL

i.JUSTICE LAW, PC
PO Box 25817
Seattle, WA 98165-1317
Phone/Fax: 888-839-3299