# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BENNETT HASELTON, *et al.*,

    Plaintiffs,

v.

QUICKEN LOANS, INC., *et al.*,

    Defendants.

Case No. C07-1777RSL

ORDER GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAYING CASE

This matter comes before the Court on defendant's motion requesting that the Court certify its October 14, 2008 order (the "Order") for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Order granted plaintiff's motion for partial summary judgment and found that plaintiffs have standing to pursue a claim under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*

The statute provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may

ORDER GRANTING MOTION - 1

> thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Pursuant to the statute, the Court must determine whether the following certification requirements are met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). The statute does not negate "the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand, 437 U.S. 463, 475 (1978).

In this case, there is a controlling issue of law: the legal standard for determining whether an entity is an Internet Access Service ("IAS") and has standing to pursue a claim under the CAN-SPAM Act. Whether plaintiffs have standing to bring this action is a key threshold issue. If the Ninth Circuit were to determine that plaintiffs lacked standing, then protracted and costly litigation would be avoided. Therefore, resolution of the appeal would materially affect the outcome of this litigation.

Moreover, there is substantial grounds for difference of opinion. The case law under the CAN-SPAM Act is scant. The Ninth Circuit has not yet opined regarding the requirements to demonstrate standing as an IAS. There are very few published cases addressing the issue of whether an entity has been "adversely affected" by a violation of the Act in a way that confers standing. Guidance from the Ninth Circuit would materially

ORDER GRANTING MOTION - 2

advance the litigation by clarifying the standards. Furthermore, if the Ninth Circuit determines that plaintiffs lack standing, the litigation will conclude. Accordingly, the Court GRANTS defendant's motion (Dkt. #31) and certifies the Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Defendant has requested a stay pending the Ninth Circuit's resolution of three other cases currently before it that address standing under the CAN-SPAM Act.[1] The Court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972) (internal citations and quotation omitted). The Court will not require plaintiffs in this case to postpone adjudication of their claims until after the Ninth Circuit resolves the claims of others. The delay in awaiting those three decisions could be protracted. Moreover, it is not clear that resolution of those cases will impact the resolution of this case because the Order was consistent with those cases. Furthermore, the facts in those cases are readily distinguishable. For these reasons, the Court will not stay this case pending resolution of unrelated cases.

The Court also considers whether to stay this case pending resolution of the appeal of the Order. Doing so would promote judicial economy. There is little point in adjudicating the remainder of the case if the Ninth Circuit ultimately concludes that

---

[1] The three other cases are (1) *Gordon v. Virtumundo, Inc.*, 2007 WL 1459395 (W.D. Wash. 2007; (2) *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307 (W.D. Wash. 2008); and *Asis Internet Services v. Optin Global, Inc.*, 2008 WL 1902217 (N.D. Cal. 2008).

ORDER GRANTING MOTION - 3

plaintiffs lack standing.  Similarly, the parties should not have to waste resources litigating issues that may become moot.  Also, a stay would not cause a hardship to plaintiffs, who are seeking only monetary relief.  Accordingly, this case is STAYED pending appeal to the Ninth Circuit.  The Clerk of the Court is directed to remove the case from the Court's active caseload.  The parties must file a joint status report within ten days if the Ninth Circuit declines to hear the appeal or defendant fails to petition for the appeal, or within ten days after the Ninth Circuit issues its decision in this case.

DATED this 11th day of December, 2008.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION - 4