HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BENNETT HASELTON, an individual;
PEACEFIRE, INC., a Washington corporation

Plaintiff,

vs.

QUICKEN LOANS, INC., a Michigan
corporation; and JOHN DOES, I-X

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. C07-1777 RSL

**SECOND JOINT STATUS REPORT**

Counsel for all parties herein conferred telephonically on January 4, 2010, pursuant to this Court's Order, and now hereby submit this Amended Joint Status Report.

1.     **Statement of the nature and complexity of the case.**

**Plaintiff's Statement**

The nature of the case is about commercial email (spam) sent in furtherance of Defendant's marketing efforts, and Peacefire's contention that this spam violates both the Federal CAN SPAM Act, 15 USC 7701 et seq. (CSA) and Washington State's Commercial Electronic Marketing Act RCW 19.190 et seq. (CEMA).   Notably, Defendant has never contested that the spam at issue violates the substantive provisions of either CSA or CEMA.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Rather, Defendant has consistently sought to evade liability on technical grounds; specifically by alleging that Peacefire lacks standing to bring its claims.

As the Court is aware, the Court originally considered the issue of standing in Peacefire's motion for a protective order.  In that motion, Peacefire submitted a detailed description of Peacefire's services as an Internet Access Service (IAS) and a detailed accounting of the damages that Defendant's spam caused.  Rather than decide the issue at that time, the District Court allowed Defendant to conduct additional discovery.  Defendant undertook substantial additional discovery, including production of all forms of documents owned by Peacefire, and by taking the deposition of Bennett Haselton.  In the end, Defendant was unable to discover any facts that in any way disputed or undermined Peacefire's status as an IAS or any of Peacefire's claimed damages.

After this discovery was complete, Peacefire renewed Peacefire's motion for partial summary judgment on the issue of standing, and Defendant was given a second bite at the apple in its attempt to deny Peacefire standing.  In the briefing for that motion, Peacefire specifically recognized the stringent standard for standing set forth by Judge Coughenour in *Gordon v. Virtumundo* and demonstrated that Peacefire had shown that Peacefire's damages were sufficient to confer standing even under the most rigorous standard set forth by Judge Coughenour.  The Court agreed with Peacefire, and ruled that Peacefire was an IAS and that Peacefire and Haselton had shown sufficient damages of the type and magnitude that conferred standing under the CSA.

Defendant then filed a petition for permission to appeal Plaintiffs' standing to prosecute their claims with the Ninth Circuit Court of Appeals.  The Ninth Circuit held the petition in abeyance pending resolution of the appeal in *Gordon v. Virtumundo, Inc., et al.*, appeal No. 07-35487.  The Ninth Circuit issued its ruling in the *Virtumundo* case on August 6, 2009 *see* 575 F.3d 1040 (9th Cir. 2009).  On December 10, 2009, the Ninth Circuit then denied Defendant's petition for permission to appeal, effectively ruling that the District Court's decision that

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Peacefire and Haselton had shown sufficient damages of the type and magnitude that conferred standing under the CSA was correct.

Accordingly, Peacefire contends that the case is ripe for disposition on dispositive motions. The spam emails at issue speak for themselves, and the violations of CSA and CEMA are self-evident. As noted above, Defendant has never contested that the spam emails at issue violate the substantive provisions of CSA and CEMA. Accordingly, Peacefire requires no further discovery to prove Peacefire's claims.

Peacefire anticipates that Defendant will again attempt to persuade this Court that Peacefire and Haselton lack standing under the CSA. Peacefire further anticipates that this Court will conclude again conclude that the Ninth Circuit's decision in *Gordon v. Virtumundo, Inc., et al.*, 575 F.3d 1040 (9th Cir. 2009) was entirely consistent with the prior analysis of this Court, and will reaffirm that Peacefire is an Internet Access Service Provider "adversely affected by" Defendant's violations of the CAN-SPAM Act. Since Defendant has already been given two separate opportunities to conduct discovery related to Peacefire's standing, Peacefire contends that any further discovery would be oppressive.

**Defendant's Statement**

Plaintiffs' complaint seeks redress for what they allege to be the unlawful initiation and transmission of electronic mail under 15 U.S.C. § 7701, et seq., and RCW 19.190 et seq. Notably, none of the emails that Plaintiffs seek an award of damages for from Defendant was sent by Defendant. Rather, all of the emails at issue appear to be sent by third parties that sell lists of valid email addresses to businesses such as Quicken Loans. Plaintiffs nonetheless seek to hold Defendant responsible for such third party emails. Defendant has disputed and continues to dispute that Plaintiffs satisfy the basic subject matter standing requirements, let alone that they possess an adequate substantive basis for their claims.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Since this matter was last before the Court, the Ninth Circuit dramatically narrowed a plaintiff's ability to assert such claims in a detailed opinion that places significant restrictions on who can qualify as an Internet Access Service Provider and on what qualifies as an "adverse affect" sufficient to confer standing. This same opinion also emphasized the preemptive nature of federal law on state statutes such as the one at issue in this case. This holding is particularly significant in its rejection of lawsuits by plaintiffs who claim to be internet access service providers, but do not fit the traditional model, and instead seek to collect spam and file lawsuits as a business. This should apply to the instant Plaintiffs who have filed more than 140 "spam" suits, use no spam-filtering software, and take steps to collect "spam" emails to fuel litigation.

As the Court is aware, Defendant filed a petition for permission to appeal Plaintiffs' standing to prosecute their claims with the Ninth Circuit Court of Appeals in December of 2008. The Ninth Circuit held the petition in abeyance pending resolution of the appeal in *Gordon v. Virtumundo, Inc., et al.*, appeal No. 07-35487, which ultimately affirmed Judge Coughenour's dismissal with prejudice of CAN-SPAM Act and CEMA claims. Among other things, the Ninth Circuit concluded that Gordon was not an Internet Access Service Provider, that the plaintiff was not "adversely affected by" violations of the CAN-SPAM Act, and that Washington state law claims were preempted. *See Gordon v. Virtumundo,* 575 F.3d 1040 (9th Cir. 2009). Decisions were also issued in two other pending CAN-SPAM Act appeals: *Ferguson v. Active Response Group*, No. 08-35709, 2009 WL 3229301 (9th Cir. Oct. 8, 2009) and *ASIS Internet Services v. Azoogle.com, Inc.*, Nos. 08-15979, 08-17779, 2009 WL 4841119 (9th Cir. Dec. 2, 2009). Both decisions affirmed dismissals for lack of standing. On December 10, 2009, the Ninth Circuit then denied Defendant's petition for permission to appeal.

Given the intervening authority, which establishes detailed and much-needed new legal authority on issues of CAN-SPAM Act standing and preemption, it is apparent that Plaintiffs' claims  lack a good faith basis in law or fact under *Virtumundo* and its progeny. Accordingly,

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

renewed dispositive motion briefing will be necessary.  In light of the detailed new guidance from the Ninth Circuit, Defendant anticipates that all of Plaintiffs claims can be disposed of through dispositive motions, and that this presents issues of only modest complexity.  In the event that the Court concludes that there are any questions of fact regarding the application of the existing record to the new law established by *Virtumundo*, Defendant anticipates that a moderate amount of additional discovery would be required to develop facts that *Virtumundo* has since identified as relevant to the analysis.  This would also be in accordance with the posture of this case pre-appeal, as close to two months remained prior to the discovery cutoff when Defendant's request for leave to petition for permission to appeal was granted by this Court, even absent the new intervening legal standards.

**2.    A statement of which ADR method (mediation, arbitration, or other) should be used.**

Mediation

**3.    Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place.**

On or before October 31, 2010.

**4.    A proposed deadline for joining additional parties.**

June 30, 2010.

**5.    A proposed discovery plan.**

**Rule 26(f) Conference:** A telephonic discovery conference between the parties took place on December 30, 2009, and January 4, 2010.  The parties agreed that no additional initial disclosures need be submitted regarding Plaintiffs' claims, provided that the parties supplement their currently filed initial disclosures as required by Fed. R. Civ. P. 26(e).

A.    The parties agree that each responding party will continue to Bates stamp all paper and/or PDF documents produced.

B.    The parties further agree they will continue to accept e-mail service of all

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

documents, including service of propounding discovery and discovery responses, and any other documents required to be served (e.g., service of papers filed under seal) during any typical work hours (i.e., 8:00 a.m. to 5:00 p.m.).  E-mail service on Plaintiffs will be valid upon delivery to both bob@ijusticelaw.com and doug@mckinleylaw.com.  E-mail service on Quicken Loans ("Quicken") will be valid upon delivery to howard.james@dorsey.com, beers.stephanie@dorsey.com and hall.michelle@dorsey.com.  Delivery shall not be effective if the party issuing discovery or serving a pleading receives any form of electronic return notice that its e-mail did not reach the recipient.  The issuing party shall also keep "sent copies" of all e-mail sent under this provision for proof of service purposes.

C.    Defendant's propose that Plaintiffs may serve a combined total of 30 interrogatories on the Defendant, including those interrogatories already served.  Defendant may serve a combined total of 40 interrogatories on the Plaintiff, including those interrogatories already served.  Leave of court or stipulation will be required to issue additional interrogatories. Plaintiff's propose that discovery be closed.

D.    The parties agree that most of the discovery that has been conducted to date remains relevant.  Defendant believes that intervening case law from the Ninth Circuit will render further discovery unnecessary.  Accordingly, Defendant will file dispositive motions on the remaining legal issues, which it believes will eliminate any potential discovery expense. Defendant believes that if the Court finds that any factual questions remain under *Virtumundo*, discovery targeted at developing those issues of fact may be conducted.  Defendant suggests that this discovery take place in a second phase of the case, if necessary.  Peacefire agrees that further discovery is unnecessary.  Peacefire is prepared to file dispositive motions establishing that Defendant's spam violates CSA and CEMA with no further discovery.

E.    The parties agree that a new scheduling order is required, and Defendant requests a dispositive motion filing deadline of **September 30, 2010**, or 120 days after the Court

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

rules on Defendant's motion to reconsider, whichever is later.  Otherwise, at this time the parties are not aware of additional orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).  Peacefire proposes that a dispositive motion filing deadline be set for March 30, 2010.

**6.     Discovery Cutoff.**

Defendant anticipates that additional discovery may be necessary if this case is not disposed of on its current evidentiary record, in light of the new standards set forth by the  Ninth Circuit Court of Appeals in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009).  Accordingly, Defendant requests a general discovery cutoff of **August 6, 2010**, or 90 days after the Court rules on Defendant's motion to reconsider, whichever is later.  Defendant also requests an expert discovery cutoff of **August 20, 2010**, or 104 days after the Court rules on Defendant's motion to reconsider, whichever is later.  In the event that the case is not disposed of by dispositive motions filed by the dispositive motion deadline of **March 30, 2010**, Peacefire agrees to an expert discovery cutoff of **August 20, 2010**, or 104 days after the Court rules on dispositive motions, whichever is later.

**7.     Filing Deadline for Discovery Motions.**

Defendant requests a filing deadline for motions to compel of **August 16, 2010**, or 96 days after the Court rules on Defendant's motion to reconsider, whichever is later.  In the event the Court grants a discovery motion after the discovery motion cutoff, then the parties would conduct further discovery limited to the relief provided in such an order.  Peacefire suggests that discovery be closed, and only re-opened in the event that the Court is not able to resolve the case on the basis of dispositive motions filed by **March 30, 2010.**

**8.     Whether the parties agree that a full-time magistrate judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13.**

The parties are not amenable to a full-time Magistrate Judge to conduct all proceedings.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

**9.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

Peacefire believes that this case could be disposed of in its entirety on the current record, and suggests that dispositive motions take place, prior to any further discovery.  In the event that the Court concludes that there is any lingering issues of fact related to the dispositive motions, then additional targeted discovery could take place, followed by focused briefing on those point(s).

Defendant believes that this case could be disposed of in its entirety on the current record, and suggests that renewed briefing on standing and preemption take place, prior to any further discovery.  In the event that the Court concludes that there is any lingering issues of fact regarding the application of *Virtumundo* to the present record, then additional targeted discovery could take place, followed by focused briefing on that point.

**10.    Whether the pretrial statements and pretrial order called for by Local Rule CR 16(e), (h), and (l) and 16.1 should be dispensed with in whole or part for the sake of economy.**

It is Plaintiffs' position that upon the Court's ruling on dispositive motions, Plaintiffs will likely be in a better position to decide this matter.

It is Defendant's position that a pretrial statement and pretrial order should be required in this case.

**11.    The date the case will be ready for trial.**

Peacefire intends to file a dispositive motion in this case that will establish that Defendant's spam violates the substantive provisions of CSA and CEMA.  Defendant intend to file several dispositive motions in this case, including a motion for summary judgment on Plaintiffs' state law claims, and a motion for reconsideration of the court's prior order regarding Plaintiffs' standing to pursue this case, in light of *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009); *Ferguson v. Active Response Group*, No. 08-35709, 2009 WL 3229301 (9th Cir. Oct. 8, 2009) and *ASIS Internet Services v. Azoogle.com, Inc.*, Nos. 08-15979, 08-17779, 2009 WL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4841119 (9th Cir. Dec. 2, 2009). Accordingly, the parties request that trial be scheduled for a date at least five months after the deadline for dispositive motions so that the Court may have ample opportunity to rule before the parties begin trial preparation, which may unnecessarily include claims that may be disposed of by motion. The parties propose a trial date of **May 2, 2011**.

**12.    Whether the trial will be jury or non-jury.**

Plaintiffs have made a jury demand.

**13.    The number of trial days required.**

The parties anticipate that the case can be tried in five (5) days.

**14.    The names, addresses, and telephone numbers of all trial counsel.**

James E. Howard, Stephanie L. Beers, Dorsey & Whitney LLP, 701 Fifth Ave., Suite 6100, Seattle, WA 98104, tel. (206) 903-8800. Robert Siegel, Douglas E. McKinley, PO Box 202, Richland, WA 99352, tel. (509) 628-0809.

**15.    If on the date of the Report, all defendants or respondents have not been serve, counsel for the plaintiffs shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ. P. 26(a) initial disclosures.**

The parties agree that all named defendants have been served.

**16.    Whether any party wished a scheduling conference prior to a scheduling order being entered in this case.**

The parties believe that a scheduling conference, prior to a scheduling order being entered, may be helpful in developing a schedule for the efficient resolution of this case.

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    DATED this 4th day of January, 2010.

2                                              DORSEY & WHITNEY LLP

3

4                                              /s/  James E. Howard

5                                              JAMES E. HOWARD, WSBA #37259
                                               STEPHANIE L. BEERS, WSBA #39337
6                                              Attorneys for Defendant Quicken Loans, Inc.

7

8                                              i.JUSTICE LAW, P.C.

9

10                                             /s/  Robert J. Siegel (per written authority)
                                               Robert J. Siegel WSBA# 17312
11                                             Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I filed the foregoing with the United States District Clerk, Western District of Washington at Seattle, using the ECF filing system, which sent an email notification of this filing to the below-listed counsel of record:

**Robert J. Siegel**                    **Douglas E. McKinley**
bob@ijusticelaw.com                     doug@mckinleylaw.com

Dated this 4th day of January, 2010.


                        */s/  Michelle F. Hall*
                        Michelle F. Hall

SECOND JOINT STATUS REPORT - 11
C07-1777 RSL
4823-9886-4901\1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820