HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENNETT HASELTON, an individual; PEACEFIRE, INC., a Washington corporation<br><br>Plaintiff,<br><br>vs.<br><br>QUICKEN LOANS INC., a Michigan corporation; and JOHN DOES, I-X<br><br>Defendant. | CIVIL ACTION NO. C07-1777 RSL<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION REGARDING PLAINTIFFS' LACK OF STANDING**<br><br>NOTE ON MOTION CALENDAR: February 19, 2010 |

## I.   INTRODUCTION

Plaintiffs fail to respond in any meaningful way to Defendant's Motion to Dismiss for Lack of Standing pursuant to Fed. R. Civ. P. 12(c), 56, and 60(b). Plaintiffs admit that *Gordon v. Virtumundo* is controlling and dispositive on the standing issue. Yet, Plaintiffs fail to analyze Defendant's legal arguments, cite no case law, and present no facts to support their claim of standing under the analysis dictated by *Virtumundo*. This Court should consider Plaintiffs' failure to oppose Defendant's motion as an admission that the motion has merit, *see* Local Rule 7(b)(2), and should grant Defendant's Motion to Dismiss. Consideration of the substance of Defendant's motion dictates the same result; Plaintiffs lack standing to assert CAN-SPAM Act claims.

REPLY - 1
C07-1777 RSL

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Instead of focusing on the standing issue, Plaintiffs oddly devote nearly their entire Opposition to an effort to rework facts in support of an unpled contract claim, apparently to distract from their obvious lack of standing. Such unpled relief cannot be awarded, and is not appropriately sought in an opposition brief. *See* Fed. R. Civ. P. 7(a), 7(b) and (8)(a); LR 7(b)(1). Moreover, even if this Court were procedurally able to consider Plaintiffs' request, the facts plainly demonstrate that it was Plaintiffs—not Defendant—who rejected any settlement of this case. When Defendant pointed out that the terms of a settlement agreement had been all but finalized, Plaintiffs claimed they had changed their minds and would now insist that Defendant either pay if it wanted a mutual release, or the litigation would continue.

Having forced the case to proceed, Plaintiffs cannot now obfuscate the fact that pursuant to *Virtumundo* they lack any basis to assert standing for their CAN-SPAM Act claims. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiffs' CAN-SPAM Act claims with prejudice.

## II.   ARGUMENT

### A.   The Court Should Grant Defendant's Unopposed Motion to Dismiss.

When faced with responding to Defendant's arguments regarding their lack of standing under *Virtumundo*, Plaintiffs flatly decline to do so. Defendant's opening brief outlined the ways in which this Court's prior order granting Plaintiffs standing, based on facts and arguments presented in the parties' prior briefing, was at odds with the new restrictive standard set forth in *Virtumundo* and its progeny. Defendant also presented a new application of facts to the *Virtumundo* analysis and outlined facts that were not previously presented to this Court, but that are now relevant in light of *Virtumundo*.

In their "Opposition," Plaintiffs disregard Defendant's detailed analysis and dismissively refer the Court to their prior briefs. These briefs, written prior to *Virtumundo*, do not address the arguments in the present motion, and it is well established that Plaintiffs cannot impose an obligation on the Court to parse through their prior briefing in search of a basis for opposing

REPLY - 2
C07-1777 RSL

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Defendant's motion. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (it is not the task of the district court to scour the record in search of a genuine issue of material fact); *Swanson v. U.S.F.S*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming decision to strike incorporation of substantive material by reference); *Intl. Church of the Four Square Gospel v. City of San Leandro*, 632 F. Supp. 925, 948 (N.D. Cal. 2008) (reference without detail to arguments in other motions interpreted as a failure to oppose).  Plaintiffs have undoubtedly failed to oppose Defendant's Motion because there is no argument that they can make in good faith for CAN-SPAM Act standing pursuant to *Virtumundo*.[1]  Accordingly, the Court should grant Defendant's Motion, and it should dismiss Plaintiffs' CAN-SPAM Act claims with prejudice for lack of standing.

### B. This Court Should Disregard Plaintiffs' Improper Request for Dismissal Based on an Unpled Contract Claim.

In an apparent effort to cover for their inability to argue that standing exists under the CAN-SPAM Act, the thrust of Plaintiffs' Opposition is that their case should be dismissed pursuant to an unpled contract theory.  This theory is entirely predicated on the false assertion that the parties previously agreed to a simple voluntary dismissal with prejudice.  Plaintiffs ignore the inconvenient fact that in December of 2009 they rejected the settlement agreement the parties had been painstakingly negotiating for months, and insisted that the litigation would continue unless they were either paid $20,000, or unless Defendant abandoned any insistence on a mutual release.  Plaintiffs maintained this position even though they could not argue for standing under *Virtumundo*, and despite Defendant's repeated warning that attorneys' fees would be sought if Plaintiffs forced the litigation to continue.

---

[1] The very few assertions related to the standing issue that Plaintiffs make in their Opposition are wholly unsupported by either law or fact. For example, Plaintiffs' allegation as to Defendant's supposed "refusal" to stop its agents from sending illegal spam, *see* Dkt. 53, p. 3, is unsupported by any cited evidence. Similarly, Plaintiffs' allegation that "this Court has already seen that the numerous allegations of 'fact' set forth in Defendant's motion are false," *see id*, is unsupported by the record.

REPLY - 3
C07-1777 RSL

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

Under these circumstances, this Court should disregard Plaintiffs' efforts to obtain a dismissal based on a "contract claim" for numerous reasons. As an initial matter, such relief obviously cannot be sought in an opposition brief. *See* LR 7(b)(1). It is also not a proper remedy for the fundamental reason that no contract claim has ever been pled. *See* Dkt. 1; Fed. R. Civ. P. 7(a), 7(b), and (8)(a). Plaintiffs are simply not entitled to consideration of their improperly presented arguments, much less relief for their unpled claim.

To the extent this Court nonetheless considers the issue, the complete record makes clear that Plaintiffs abandoned the settlement agreement that had been negotiated by the parties. *See* Decl. of J. Howard ("Howard Decl."), Exs. A-D. Defendant and Plaintiffs were on the verge of consummating a settlement agreement in this case following the Ninth Circuit's opinion in *Gordon v. Virtumundo*. *See id.*, Ex. D. Indeed, Defendant believed that the terms of the settlement agreement had been effectively finalized, and should be enforceable. *See id.*, Ex. B However, it was <u>Plaintiffs</u>, not Defendant, who reneged just prior to executing the agreement when the Ninth Circuit denied Defendant's petition for permission to appeal. *See id*., Ex. A. Instead of completing the settlement, Plaintiffs demanded $20,000 for what they had already agreed to do without a monetary exchange: execute a settlement that contained a mutual release of claims. *Id*.

Defendant insisted that a mutual release was appropriate, and continued to maintain that the parties should execute the settlement agreement that had been negotiated.[2] *See id*., Ex. B. In response Plaintiffs characterized the subsequent communications as "rejections" and "counteroffers," asserted that no contract existed, and refused to execute the agreement. *Id*., Ex. C. Plaintiffs then forced this case forward through a status report which contained no mention of their current "contract claim," and which argued that the Court should require briefing on the standing issue. *See* Dkt. 48. Plaintiffs challenged Defendant to brief the standing issue,

---

[2] In fact, *Levine v. Greene*, 106 Wn. App. 12 (2001), the case cited by Plaintiffs in support of their position, was provided to Plaintiffs by Defendant in correspondence demanding that Plaintiffs honor the original settlement agreement. Howard Decl., Ex. B.

REPLY - 4
C07-1777 RSL

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

apparently to test Defendant's resolve. Now confronted with Defendant's motion, Plaintiffs cannot simply resort to mischaracterizing facts in support of an unpled contract claim to avoid the ramifications associated with the dismissal of their CAN-SPAM Act claims for lack of standing.

### III.   CONCLUSION

This Court should grant Defendant's Motion, and should dismiss Plaintiffs' CAN-SPAM Act claims for lack of standing in light of the Ninth Circuit's ruling in *Gordon v. Virtumundo*.

DATED this 19th day of February, 2010.

DORSEY & WHITNEY LLP

*s/James Howard*
JAMES E. HOWARD, WSBA #37259
STEPHANIE L. BEERS, WSBA #39337
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile: (206) 903-8820

Attorneys for Defendants

REPLY - 5
C07-1777 RSL

DORSEY & WHITNEY LLP
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

I hereby certify that on this date I filed the foregoing with the United States District Clerk, Western District of Washington at Seattle, using the ECF filing system, which sent an email notification of this filing to the below-listed counsel of record:

| | |
|---|---|
| **Robert J. Siegel**<br>bob@ijusticelaw.com | **Douglas E. McKinley**<br>doug@mckinleylaw.com |

Dated this 19th day of February, 2010.

*s/Stefanie Jaswal*

Stefanie Jaswal

REPLY - 6
C07-1777 RSL
4844-2164-3013\1

**DORSEY & WHITNEY LLP**
U.S. BANK CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WA 98101-4010
PHONE: (206) 903-8800
FAX: (206) 903-8820